UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:21-cv-04909-CAS(RAOx); C/W: 5:22-cv-01926-CAS(RAOx) | Date | February 13, 2023 |
|---|---|---|---|
| Title | MAG US LOUNGE MANAGEMENT, LLC v. ONTARIO INTERNATIONAL AIRPORT AUTHORITY; C/W: ONTARIO INTERNATIONAL AIRPORT AUTHORITY v. MAG US LOUNGE MANAGEMENT, LLC | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Adam Fox | David Hubbard |
| | Kendall Teal Krause |

**Proceedings:** DEFENDANT'S MOTION TO DISMISS (Dkt. 9, filed on JULY 19, 2021)

DEFENDANT'S RENEWED MOTION TO DISMISS (Dkt. 39, filed on JANUARY 12, 2023)

## I. INTRODUCTION

Presently before the Court is defendant Ontario International Airport Authority's ("OIAA") motion to dismiss plaintiff MAG US Lounge Management LLC's ("MAG") complaint.

On June 16, 2021, MAG filed suit against OIAA for (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; and (3) declaratory relief. Dkt. 1 ("Compl.").

On July 19, 2021, OIAA filed a motion to dismiss MAG's complaint for failure to state a claim. See Dkt. 9 ("Mot."). On August 23, 2021, MAG filed an opposition to defendant's motion to dismiss. Dkt. 11 ("Opp."). On August 30, 2021, OIAA filed a reply. Dkt. 14 ("Reply").

OIAA's motion to dismiss was denied as moot in light of an unrelated appeal, the background of which is known to the parties and set forth in the Court's recent February

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:21-cv-04909-CAS(RAOx); C/W: 5:22-cv-01926-CAS(RAOx) | Date | February 13, 2023 |
|---|---|---|---|
| Title | MAG US LOUNGE MANAGEMENT, LLC v. ONTARIO INTERNATIONAL AIRPORT AUTHORITY; C/W: ONTARIO INTERNATIONAL AIRPORT AUTHORITY v. MAG US LOUNGE MANAGEMENT, LLC | | |

6, 2023 Order denying MAG's motion to dismiss OIAA's complaint in a related and consolidated action. See 5:22-cv-01926-CAS-RAO, Dkt. 35.

On January 12, 2023, OIAA renewed its July 2021 motion to dismiss MAG's complaint for failure to state a claim. See Dkt. 39.

On February 13, 2023, the Court held a hearing. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.   BACKGROUND

### A.   The parties enter into an airport concession lease agreement

In June 2018, OIAA and MAG entered into an airport concession lease agreement under which MAG agreed to provide and operate online car parking services and establish and operate passenger lounges at the airport. Compl. ¶ 2. The previous parking manager of Ontario Airport was Parking Concepts Inc. ("PCI"). Id. ¶ 3.

The Agreement's effective date was July 1, 2018. Pursuant to the Agreement, MAG was to provide car parking services for a term commencing on July 1, 2018, and ending 10 years after the commencement of the Agreement's lounge concession term, which commenced on or about April 1, 2019. Id. ¶ 14. The Agreement also provided, in Section 5.10.1, that OIAA "will not contract with any other person or entity to perform the Car Parking Services . . . during the Car Parking Services Term; provided, however, (a) [MAG] is not in default of any term or provision of this Agreement, or (b) this Agreement is not earlier terminated as provided herein." Id.

The Agreement stated that either party could terminate the Agreement for convenience, without cause, upon one-year prior written notice. Id. ¶ 19. If OIAA provided notice of termination more than one year prior to the termination date of the term, OIAA was required to pay the unamortized portion of MAG's improvement costs and car parking services costs within 30 days of notice ("Termination Costs"). Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 2:21-cv-04909-CAS(RAOx); C/W: 5:22-cv-01926-CAS(RAOx) | Date | February 13, 2023 |
|---|---|---|---|
| Title | MAG US LOUNGE MANAGEMENT, LLC v. ONTARIO INTERNATIONAL AIRPORT AUTHORITY; C/W: ONTARIO INTERNATIONAL AIRPORT AUTHORITY v. MAG US LOUNGE MANAGEMENT, LLC | | |

### B. OIAA publishes a request for proposals

MAG alleges that, months after the parties coordinated a business response at the airport to the outbreak of the COVID-19 pandemic in 2020 and after MAG's CEO declined to make a charitable contribution at the request of OIAA's board president, OIAA published a request for proposals ("RFP") to solicit bids for operation of a car park, car parking services, and shuttle bus operations at the airport. Id. ¶¶ 15–17. MAG, PCI (the company serving as parking manager prior to MAG and OIAA's Agreement), and another bidder responded to the RFP. Id. ¶ 17.

On February 17, 2021, OIAA notified MAG of its intent to recommend that its board award the RFP to PCI and to terminate the Agreement with MAG once its board approved of the recommended award. Id. ¶ 18. On February 23, 2021, MAG submitted a notice of protest to the RFP award to PCI, reserving all legal rights as to OIAA. Id. ¶ 22.

On March 11 and 16, 2021, OIAA wrote to MAG demanding that MAG reopen the airport lounges no later than March 26, 2021. MAG agreed to comply and reopen on March 26, 2021, although MAG had attempted to request a delay of the lounge opening in light of ongoing pandemic and strained financial circumstances at that time. Id. ¶ 23.

On February 25, 2021, PCI executed the contract resulting from the RFP and submitted it to OIAA for approval. On March 25, 2021, OIAA formally denied MAG's protest to the RFP award and authorized its CEO to execute the contract with PCI. Id. ¶ 24.

### C. OIAA terminates the Agreement

On April 15, 2021, OIAA provided MAG notice of termination, proposing a 90-day transition period and requesting that MAG provide a reconciliation of all outstanding unamortized capital expenditures for purposes of calculating Termination Costs. Id. ¶ 26. Based on Section 2.4.1 of the Agreement, the deadline for OIAA to pay Termination Costs was May 19, 2021.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:21-cv-04909-CAS(RAOx); C/W: 5:22-cv-01926-CAS(RAOx) | Date | February 13, 2023 |
|---|---|---|---|
| Title | MAG US LOUNGE MANAGEMENT, LLC v. ONTARIO INTERNATIONAL AIRPORT AUTHORITY; C/W: ONTARIO INTERNATIONAL AIRPORT AUTHORITY v. MAG US LOUNGE MANAGEMENT, LLC | | |

On May 10, 2021, MAG sent a letter to OIAA stating that OIAA owed MAG $3,040,553 in Termination Costs based on MAG's capital expenditures, pursuant to Section 2.4.1 of the Agreement. Id. ¶ 29. Additionally, MAG acknowledged that OIAA had overpaid to MAG its contractual obligation of incremental turn-up revenues in the amount of $1,181,418. MAG stated it was willing to accept an offset in payment, rendering OIAA's net Termination Costs to be paid to MAG in the amount of $1,859,135. Id.

On May 13, 2021, OIAA sent a letter to MAG acknowledging that $1,859,135 was the initial reimbursable amount owed by OIAA," but claimed that the termination payment should be further offset by additional calculations totaled $3,002,491. As a result, OIAA contended that no monies were owed to MAG and instead, that MAG owed $1,118,258 to OIAA. Id.

On May 18, 2021, OIAA asserted that MAG was in breach of Sections 3.26.5 and 3.26.6 of the Agreement. Id. ¶ 30.

OIAA did not pay MAG Termination Costs by the May 19, 2021 deadline. On May 20, 2021, MAG "provided formal notice of OIAA's breach of section 2.4.1 of the Agreement." Id. ¶ 31. The same day, OIAA claimed that MAG separately breached the Agreement by failing to remit payment of $1,118,258 to OIAA. Id.

On May 20, 2021, OIAA notified MAG that it was in breach of the Agreement for failing to pay $1,118,258 to OIAA. Id. ¶ 31.

## III.   LEGAL STANDARD

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:21-cv-04909-CAS(RAOx); C/W: 5:22-cv-01926-CAS(RAOx) | Date | February 13, 2023 |
|---|---|---|---|
| Title | MAG US LOUNGE MANAGEMENT, LLC v. ONTARIO INTERNATIONAL AIRPORT AUTHORITY; C/W: ONTARIO INTERNATIONAL AIRPORT AUTHORITY v. MAG US LOUNGE MANAGEMENT, LLC | | |

provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a 12(b)(6) motion, a court must accept as true all material allegations in the complaint, and all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1988). A court must read the complaint in the light most favorable to the non-movant. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. See Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001). Where a court converts a motion to dismiss into a motion for summary judgment, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**        'O'

| Case No. | 2:21-cv-04909-CAS(RAOx); C/W: 5:22-cv-01926-CAS(RAOx) | Date | February 13, 2023 |
|---|---|---|---|
| Title | MAG US LOUNGE MANAGEMENT, LLC v. ONTARIO INTERNATIONAL AIRPORT AUTHORITY; C/W: ONTARIO INTERNATIONAL AIRPORT AUTHORITY v. MAG US LOUNGE MANAGEMENT, LLC | | |

While generally a "court should 'freely give leave [to amend] when justice so requires,' " leave to amend is "properly denied" where "amendment would be futile," Carrico v. City & Cty. of San Francisco, 656 F.3d 1002, 1008 (9th Cir. 2011) (quoting Fed. R. Civ. P. 15(a)(2)). Amendment would be futile if the plaintiff cannot state a cognizable claim. See Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034, 1041 (9th Cir. 2011) ("Although leave to amend should be given freely, a district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile.").

## IV. DISCUSSION

OIAA moves to dismiss the entirety of MAG's complaint for failure to comply with the presentation requirements of the California Government Claims Act. The California Government Claims Act requires that a party seeking to recover money damages from a public entity or its employees must submit a claim to the entity before filing suit in court, generally no later than six months after the cause of action accrues. California Government Code §§ 905, 911.2, 945.4, and 950.2. Timely claim presentation is not merely a procedural requirement but is an element of the plaintiff's claim for relief. Shirk v. Vista Unified School District, 42 Cal. 4th 201, 209 (2007). A plaintiff may sue the public entity and its employees in court only after the entity has acted upon or is deemed to have rejected the claim. Id.; see Mangold v. California Public Utilities Commission, 67 F.3d 1470, 1477 (9th Cir. 1995) ("The California Tort Claims Act requires, as a condition precedent to suit against a public entity, the timely presentation of a written claim and the rejection of the claim in whole or in part."). The California Supreme Court has held that the claims filing requirements of the Government Claims Act apply to both tort and contract claims. City of Stockton v. Superior Court, 42 Cal. 4th 730, 738–41 (2007). Thus, when a plaintiff asserts a claim subject to the Government Claims Act, it must affirmatively allege compliance with the claim presentation procedure, or circumstances excusing such compliance, in its complaint. Shirk, 42 Cal.4th at 209; State of California v. Superior Court (Bodde), 32 Cal. 4th 1234, 1243 (2004) (plaintiff must allege facts "demonstrating or excusing compliance with the claim presentation requirement").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:21-cv-04909-CAS(RAOx); C/W: 5:22-cv-01926-CAS(RAOx) | Date | February 13, 2023 |
|---|---|---|---|
| Title | MAG US LOUNGE MANAGEMENT, LLC v. ONTARIO INTERNATIONAL AIRPORT AUTHORITY; C/W: ONTARIO INTERNATIONAL AIRPORT AUTHORITY v. MAG US LOUNGE MANAGEMENT, LLC | | |

"Substantial compliance" with the Government Claims Act will also suffice to enable plaintiffs to state a claim for relief against a public entity. "The test for substantial compliance is whether the face of the filed claim discloses sufficient information to enable the public entity to make an adequate investigation of the claim's merits and settle it without the expense of litigation." Connelly v. County of Fresno, 146 Cal. App. 4th 29, 38 (2006). So long as these purposes are effectuated, the statutory requirements "should be given a liberal construction to permit full adjudication on the merits." Stockett, 34 Cal. 4th at 449 (quoting Minsky v. City of Los Angeles, 11 Cal. 3d 113, 123 (1974)).

Additionally, Government Code Section 911 establishes that "[a]ny defense as to the sufficiency of the claim based upon a defect or omission in the claim as presented is waived by failure to give notice of insufficiency with respect to the defect or omission as provided in Section 910.8 . . . ." A "document constitutes a 'claim as presented' . . . if it discloses the existence of a claim which will result in a lawsuit against the entity if it is not satisfactorily resolved." Green v. State Ctr. Cmty. Coll. Dist., 34 Cal. App. 4th 1348 (1995) (citing Phillips v. Desert Hosp. Dist., 49 Cal. 3d 699, 705, 780 P.2d 349, 353 (1989)).

Here, OIAA argues that MAG failed to present its claims as required by the Government Claims Act. Mot. at 5. Additionally, OIAA argues that MAG's written correspondence cannot be considered "substantial compliance," citing cases narrowly construing the Government Claims Act to find that letters cannot be considered "substantial compliance" or a "claim as presented" to excuse MAG's non-compliance with the statutory requirements. See id. at 6–9 (citing Dilts v. Cantua Elementary Sch. Dist., 189 Cal. App. 3d 27, 35–36 (Ct. App. 1987) (holding that a series of written correspondence does not constitute a claim within the meaning of the Government Claims Act)); Reply at 8 (citing Olson v. Manhattan Beach Unified Sch. Dist., 17 Cal. App. 5th 1052, 1062 (Ct. App. 2017) (holding that a letter notifying a public entity of a breach of contract is not a "claim as presented" because it did not "threaten litigation if the contractual breaches are not remedied")).

In opposition, MAG argues that its written correspondence with OIAA, particularly its May 20, 2021 letter, satisfied the requirements of the Government Claims

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:21-cv-04909-CAS(RAOx); C/W: 5:22-cv-01926-CAS(RAOx) | Date | February 13, 2023 |
|---|---|---|---|
| Title | MAG US LOUNGE MANAGEMENT, LLC v. ONTARIO INTERNATIONAL AIRPORT AUTHORITY; C/W: ONTARIO INTERNATIONAL AIRPORT AUTHORITY v. MAG US LOUNGE MANAGEMENT, LLC | | |

Act. Opp. at 4. MAG alternatively argues that (1) its correspondence with OIAA constitutes "substantial compliance" with the statutory requirements, or (2) its correspondence can be considered a "claim as presented" pursuant to Section 911 that put OIAA on sufficient notice despite a failure to show substantial compliance. Id. at 5–9. In support of its contentions, MAG cites to cases that have found letters to either be substantially compliant with the Government Claims Act or to otherwise constitute a "claim as presented" pursuant to Section 911 triggering the public entity's duty to notify the claimant of the technical deficiencies. Id. at 7–8 (citing Gen. Sec. Servs. Corp. v. Cnty. of Fresno, 815 F. Supp. 2d 1123, 1140 (E.D. Cal. 2011) (finding plaintiff's letter to be substantially compliant with the Government Claims Act); All. Fin. v. City & Cnty. of San Francisco, 64 Cal. App. 4th 635, 647 (1998) ("A communication to the public entity that a claim has accrued and that the claimant intends to enforce it suffices, even though the communication fails to notify the public entity that a lawsuit is imminent.")).

Dismissal of MAG's claims at this juncture would be improper. The Court finds that MAG's letter is properly considered a "claim as presented" for which OIAA failed to identify any deficiencies under the statutory requirements (thereby waiving its defense pursuant to Section 911), and that even if OIAA did not waive this defense, MAG nonetheless substantially complied with the Government Claims Act. As identified by the parties' briefing, both state appellate courts and federal district courts have variously applied the Government Claims Act with respect to a party's written correspondence. Some courts have adopted a strict application of the provisions to find letters to be insufficient to present a claim, while others have liberally construed the requirements to excuse plaintiff's non-compliance with all of the statutory requirements. Compare Dilts, 189 Cal. App. 3d at 35–36 ("The established procedure for the filing of claims pursuant to the [Government] Claims Act would become totally unworkable if this court were to hold that a series of writings could collectively be considered a claim."); Stampfli v. Susanville Sanitary Dist., No. 220CV01566WBSDMC, 2021 WL 2457379, at *9 (E.D. Cal. June 16, 2021) ("It is also questionable whether a series of letters can ever constitute a claim within the meaning of the Government Claims Act."); with Foster v. McFadden, 30 Cal. App. 3d 943, 948 (Ct. App. 1973) (plaintiff's letter "performed the function of a claim" because it "accomplished the two principal purposes of a sufficient claim" by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:21-cv-04909-CAS(RAOx); C/W: 5:22-cv-01926-CAS(RAOx) | Date | February 13, 2023 |
|---|---|---|---|
| Title | MAG US LOUNGE MANAGEMENT, LLC v. ONTARIO INTERNATIONAL AIRPORT AUTHORITY; C/W: ONTARIO INTERNATIONAL AIRPORT AUTHORITY v. MAG US LOUNGE MANAGEMENT, LLC | | |

affording the public entity the "opportunity to make a prompt investigation of the accident occasioning the letter" and giving the public entity the "opportunity to settle without suit, if it so desired"); Simms v. Bear Valley Cmty. Healthcare Dist., 80 Cal. App. 5th 391, 407 (Ct. App. 2022) (holding that letter from plaintiff to public entity was a claim as presented "triggering [the public entity's] duty to notify [plaintiff] of its insufficiencies").

Under the circumstances of this case, the Court finds the cases liberally construing the provisions of the Government Claims Act to be more persuasive. As set forth above, the purpose of the Government Claims Act is to provide a public entity with presentations of claims "disclos[ing] sufficient information to enable the public entity to make an adequate investigation of the claim's merits and settle it without the expense of litigation." Connelly, 146 Cal. App. 4th at 38. So long as these two purposes are effectuated, the statutory requirements "should be given a liberal construction to permit full adjudication on the merits." Stockett, 34 Cal. 4th at 449 (quoting Minsky, 11 Cal. 3d at 123).

Here, MAG and OIAA executed the Agreement, which set forth that "[e]xcept as otherwise provided for in this Agreement, whenever either party desires to give notice to the other, such notice must be" in the manner specified in Section 18.1. See Dkt. 4-1 ("Agreement").[1] Taking MAG's complaint as true, MAG alleges that the parties corresponded in accordance with Section 18.1 of the parties' Agreement, with OIAA first providing MAG notice of termination of the Agreement on April 25, 2021. Compl. ¶ 26. Pursuant to Section 2.4.1 of the Agreement, the deadline for OIAA to pay Termination

---

[1] California Government Code Section 930.2 provides that "[t]he governing body of a local public entity may include in any written agreement to which the entity . . . is a party, provisions governing the presentation . . . of any or all claims arising out of or related to the agreement and the consideration and payment of such claims. . . ." See Gen. Sec. Servs. Corp., 815 F. Supp. 2d at 1140 ("[T]he Court is unaware of any requirement that a contract must use particular language or expressly state that it changes specific requirements of the Government Claims Act."). Accordingly, it was proper for MAG to present a claim in a letter pursuant Section 18.1 of the parties' Agreement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:21-cv-04909-CAS(RAOx); C/W: 5:22-cv-01926-CAS(RAOx) | Date | February 13, 2023 |
|---|---|---|---|
| Title | MAG US LOUNGE MANAGEMENT, LLC v. ONTARIO INTERNATIONAL AIRPORT AUTHORITY; C/W: ONTARIO INTERNATIONAL AIRPORT AUTHORITY v. MAG US LOUNGE MANAGEMENT, LLC | | |

Costs was May 19, 2021.  MAG further alleges that MAG had identified in its May 10, 2021 letter to OIAA that OIAA owed MAG $3,040,553 in Termination Costs.  See Compl. ¶ 29.  As described above, MAG claims that the parties' dealings broke down and that by the deadline on May 19, 2021, OIAA refused to pay MAG any amount for the Termination Costs.  On May 20, 2021, MAG "provided formal notice of OIAA's breach of section 2.4.1 of the Agreement" for failure to pay.  Id. ¶ 31.

Accordingly, OIAA cannot meaningfully maintain that it lacked sufficient notification that MAG had asserted the accrual of a claim against it.[2]  See All. Fin. v. San Francisco, 64 Cal. App. 4th at 647 ("A communication to the public entity that a claim has accrued and that the claimant intends to enforce it suffices, even though the communication fails to notify the public entity that a lawsuit is imminent.").  First, as alleged in the complaint, OIAA waived any defense that MAG's letter contained deficiencies as a "claim as presented" by failing to notify MAG of those deficiencies pursuant to Section 911.  Indeed, OIAA not only failed to notify MAG that its letter might have been deficient with respect to the requirements of the Government Claims Act, OIAA refused to pay the amounts claimed in MAG's letter and sent its own letter to MAG on the same day stating that MAG had allegedly breached the parties' Agreement.  Compl. ¶ 31.  Moreover, because a "claim for payment of money due on a contract usually requires less investigation than is required for other forms of claims," All. Fin. v.

---

[2] At oral argument, counsel for OIAA emphasized that a "dispute" is not necessarily synonymous with a "claim" for the purposes of the Government Claims Act, describing the scenario of a contracting party disputing the cost of a change order.  But compared to counsel's example, the circumstances of this case help to demonstrate when a dispute is appropriately characterized as a claim.  The parties' relationship and the nature of the claim are both governed by the specific contract the parties entered into.  OIAA was fully informed by the terms of the contract as to the scope of MAG's claims for payment, and as counsel for MAG explained, both parties appeared to already have retained counsel by the time the May 20 notice of breach of contract letters were exchanged by the parties.  These alleged facts, along with those set forth above, convince the Court that the underlying policy purposes of the Government Claims have been effectuated here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**       'O'

| Case No. | 2:21-cv-04909-CAS(RAOx); C/W: 5:22-cv-01926-CAS(RAOx) | Date | February 13, 2023 |
|---|---|---|---|
| Title | MAG US LOUNGE MANAGEMENT, LLC v. ONTARIO INTERNATIONAL AIRPORT AUTHORITY; C/W: ONTARIO INTERNATIONAL AIRPORT AUTHORITY v. MAG US LOUNGE MANAGEMENT, LLC | | |

San Francisco, 64 Cal. App. 4th at 644, and because MAG's letter "performed the function of a claim," Foster v. McFadden, 30 Cal. App. 3d at 948, MAG additionally substantially complied with the Government Claims Act.

**V.     CONCLUSION**

In accordance with the foregoing, the Court **DENIES** defendant's motion to dismiss plaintiff's complaint.

IT IS SO ORDERED.

|  | 00 : 27 |
|---|---|
| Initials of Preparer | CMJ |