UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**            'O'

| Case No. | 2:21-cv-04909-CAS(RAOx); consolidated with 5:22-cv-01926-CAS(RAOx) | Date | April 22, 2024 |
|---|---|---|---|
| Title | MAG US LOUNGE MANAGEMENT LLC V. ONTARIO INTERNATIONAL AIRPORT AUTHORITY ET AL; consolidated with ONTARIO INTERNATIONAL AIRPORT AUTHORITY V. MAG US LOUNGE MANAGEMENT LLC ET AL | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Adam Fox | David Hubbard |

**Proceedings:** ZOOM HEARING RE: ONTARIO INTERNATIONAL AIRPORT AUTHORITY'S MOTION TO DISMISS "FRAUDULENT CONCEALMENT" AND "FRAUDULENT MISREPRESENTATION" CAUSES OF ACTION SET FORTH IN PLAINTIFF MAG'S FIRST AMENDED COMPLAINT (Dkt. 81, filed on MARCH 18, 2024)

## I. INTRODUCTION

On June 16, 2021, plaintiff MAG US Lounge Management LLC ("MAG") filed suit against defendant Ontario International Airport Authority ("OIAA") for (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; and (3) declaratory relief. Dkt. 4.

On July 19, 2021, OIAA filed a motion to dismiss MAG's complaint for failure to state a claim. Dkt. 9. OIAA's motion to dismiss was denied as moot in light of an unrelated appeal, the background of which is known to the parties and set forth in the Court's February 6, 2023 order denying MAG's motion to dismiss OIAA's complaint in a related and consolidated action. See 5:22-cv-01926-CAS-RAO, Dkt. 35.

On January 12, 2023, OIAA renewed its July 2021 motion to dismiss MAG's complaint for failure to state a claim. Dkt. 39. On February 13, 2023, the Court denied OIAA's motion to dismiss. Dkt. 51.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:21-cv-04909-CAS(RAOx); consolidated with 5:22-cv-01926-CAS(RAOx) | Date | April 22, 2024 |
|---|---|---|---|
| Title | MAG US LOUNGE MANAGEMENT LLC V. ONTARIO INTERNATIONAL AIRPORT AUTHORITY ET AL; consolidated with ONTARIO INTERNATIONAL AIRPORT AUTHORITY V. MAG US LOUNGE MANAGEMENT LLC ET AL | | |

On February 5, 2024, MAG filed a motion for leave to file a first amended complaint ("FAC"). Dkt. 68. On March 4, 2024, the Court granted MAG's motion for leave to file a FAC. Dkt. 79. The Court directed the Clerk of Court to file MAG's FAC under seal, and directed OIAA to respond on or before fourteen days after service of the FAC. Id. The FAC asserts five claims for relief: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) declaratory relief; (4) fraudulent concealment; and (5) fraudulent misrepresentation. Dkt. 78.

On March 18, 2024, OIAA filed a motion to dismiss the fraudulent concealment and fraudulent misrepresentation claims for relief set forth in MAG's FAC. Dkt. 81 ("MTD"). On April 1, 2024, MAG filed an opposition to OIAA's motion to dismiss and a request for judicial notice in support of its opposition.[1] Dkts. 82 ("Opp."), 83. On April 8, 2024, OIAA filed a reply in support of its motion.[2] Dkt. 85 ("Reply").

On April 22, 2024, the Court held a hearing on OIAA's motion to dismiss MAG's fraudulent concealment and fraudulent misrepresentation claims. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

---

[1] MAG requests that the Court take judicial notice of the Ethics Policy Statement as displayed on OIAA's website located at: https://www.flyontario.com/business-development/procurement/contracting. Dkt. 83. The Court finds that judicial notice of this public record is appropriate pursuant to Federal Rule of Evidence 201.

[2] MAG argues that OIAA failed to comply with Local Rule 7-3 because the conference between counsel occurred only five days, instead of seven days, before OIAA filed its motion to dismiss. Opp. at 9-10. In reply, OIAA asserts that it complied with the "meet and confer requirement" pursuant to Local Rule 7-3 and that MAG has not suffered any prejudice. Reply at 24-27. The Court finds that OIAA substantially complied with Local Rule 7-3. OIAA is admonished to follow the Local Rules in the future.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**           'O'

| Case No. | 2:21-cv-04909-CAS(RAOx); consolidated with 5:22-cv-01926-CAS(RAOx) | Date | April 22, 2024 |
|---|---|---|---|
| Title | MAG US LOUNGE MANAGEMENT LLC V. ONTARIO INTERNATIONAL AIRPORT AUTHORITY ET AL; consolidated with ONTARIO INTERNATIONAL AIRPORT AUTHORITY V. MAG US LOUNGE MANAGEMENT LLC ET AL | | |

## II.  BACKGROUND

### A.  The parties enter into an airport concession lease agreement

In June 2018, OIAA and MAG entered into an airport concession lease agreement (the "Agreement") under which MAG agreed to operate online car parking services and airport lounges. FAC ¶¶ 2, 18. MAG was to provide services for a term of at least ten years commencing on July 1, 2018, but either party could terminate the Agreement for convenience upon providing written notice one-year prior. Id. ¶ 19. Pursuant to Section 2.4.1 of the Agreement, if OIAA provided notice of termination more than one year prior to the termination date of the term, OIAA was required to pay the unamortized portion of MAG's capital expenditures and car parking services costs within 30 days of notice. Id. ¶¶ 32, 43. The Agreement also provided, in Section 5.10.1, that OIAA "will not contract with any other person or entity to perform the Car Parking Services." Id. ¶ 21. In this action, MAG contends that OIAA breached both Section 2.4.1 by failing to pay MAG within 30 days of notice of termination and Section 5.10.1 by contracting with PCI before terminating the Agreement. Id. ¶¶ 43, 52, 53.

### B.  OIAA publishes a request for proposals

According to MAG, months after the parties coordinated a business response to the outbreak of the COVID-19 pandemic and after its CEO declined to make a charitable contribution at the request of OIAA's board president, OIAA published a request for proposals ("RFP") to solicit bids for operation of a car park, car parking services, and shuttle bus operations at the airport. Id. ¶¶ 20-24. MAG alleges that its refusal to make the contribution "kicked off a series of events designed to remove MAG [] from future business dealings with OIAA[,]" including internal communications about terminating the Agreement with MAG "by bringing the management for car parking services in-house." Id. ¶¶ 22-24. MAG, Parking Concepts Inc. ("PCI")—the previous parking manager of Ontario Airport, and another bidder responded to the RFP. Id. ¶¶ 2, 25.

MAG alleges that OIAA improperly modified the scores for the three bids and even changed its scoring methodology so MAG would lose the bid. Id. ¶ 26. Based on OIAA's internal communications in November 2020, OIAA's RFP team members had all

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    'O'

| Case No. | 2:21-cv-04909-CAS(RAOx); consolidated with 5:22-cv-01926-CAS(RAOx) | Date | April 22, 2024 |
|---|---|---|---|
| Title | MAG US LOUNGE MANAGEMENT LLC V. ONTARIO INTERNATIONAL AIRPORT AUTHORITY ET AL; consolidated with ONTARIO INTERNATIONAL AIRPORT AUTHORITY V. MAG US LOUNGE MANAGEMENT LLC ET AL | | |

individually awarded the highest scores to MAG and the lowest scores to PCI. Id. ¶ 27. Yet, on or around February 17, 2021, OIAA notified MAG of its intent to recommend that its board award the RFP to PCI and, once the board approved the award, to terminate the Agreement with MAG. Id. ¶ 28. The next day, MAG's Vice President, John Wildman, first emailed OIAA for "a list of all panelists and a copy of all evaluations, scoring tabulation and comments" and then, when informed to do so, submitted a Public Records Act ("PRA") request for the same information. Id. ¶ 29. That same day, an OIAA representative emailed an OIAA Director "a new 'scoring summary' spreadsheet, which displayed a total score of 58 for MAG and a total score of 74 for PCI—the opposite result of every scoring worksheet previously submitted by each person who had completed one[.]" Id. ¶ 30. On or around February 22, 2021, the other RFP team members also issued "completely flipped" new scores that could appear to justify their award to PCI. Id. That same day, OIAA responded to Wildman's request with one document—an Evaluation Review Sheet that showed that MAG had received a score of 46, and PCI had received a score of 73.50—and indicated that it "was including 'all responsive records to [his February 18, 2021] public records request.'" Id. ¶ 31. MAG alleges that OIAA knew it was withholding and concealing responsive records, such as the scoring documents, to avoid disclosing the unfairness of its award. Id.

On February 23, 2021, MAG "timely submitted a protest challenging the propriety of the RFP scoring methods, highlighting the costs to OIAA if it proceeded with the award to PCI (including the payments required by § 2.4.1), and reserved all other legal rights." Id. ¶ 35. "On February 25, 2021, PCI executed the contract resulting from the RFP and submitted it to OIAA for approval at the March board meeting." Id. ¶ 36.

On or around March 2, 2021, Wildman submitted a second PRA request for "a breakdown of the evaluation/scoring for each party." Id. ¶ 37. MAG alleges that OIAA again falsely stated on March 12, 2021, that it was providing all responsive records, but instead provided one document: the "Chairperson's Evaluation Review Sheet," which included the breakdown of points and indicated that MAG had received a score of 49, and PCI had received a score of 74.75. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                              'O'

| Case No. | 2:21-cv-04909-CAS(RAOx); consolidated with 5:22-cv-01926-CAS(RAOx) | Date | April 22, 2024 |
|---|---|---|---|
| Title | MAG US LOUNGE MANAGEMENT LLC V. ONTARIO INTERNATIONAL AIRPORT AUTHORITY ET AL; consolidated with ONTARIO INTERNATIONAL AIRPORT AUTHORITY V. MAG US LOUNGE MANAGEMENT LLC ET AL | | |

On March 11 and 16, 2021, OIAA wrote to MAG demanding that it reopen the airport lounges no later than March 26, 2021. Id. ¶ 38. Even though it had attempted to request a delay in light of the ongoing pandemic and strained financial circumstances at that time, MAG complied and reopened the lounges on March 26. Id. ¶¶ 38-39. The day prior, on March 25, 2021, OIAA formally denied MAG's protest to the RFP award and authorized its CEO to execute the contract with PCI. Id. ¶ 39.

### C.  OIAA terminates the Agreement

On April 15, 2021, OIAA provided MAG notice of termination, proposing a 90-day transition period for the reconciliation of payments. Id. ¶ 41. Based on Section 2.4.1 of the Agreement, the deadline for OIAA to pay the termination payment to MAG was May 19, 2021. Id. ¶ 43.

On May 10, 2021, MAG sent a letter to OIAA stating that OIAA owed MAG $3,040,553 in capital expenditures pursuant to Section 2.4.1 of the Agreement. Id. ¶ 44. Additionally, MAG stated that it was willing to accept an offset in payment and receive $1,859,135 from OIAA. Id. On May 13, 2021, OIAA sent a letter to MAG, claiming that the termination payment should be further offset and demanding that MAG pay it $1,118,258 within four business days. Id.

On May 18, 2021, OIAA asserted that MAG was in breach of Sections 3.26.5 and 3.26.6 of the Agreement and that it would therefore not pay MAG the next day, on the May 19 deadline. Id. ¶ 45. On May 20, 2021, MAG "provided formal notice of OIAA's breach of section 2.4.1 of the Agreement," and OIAA claimed that MAG breached the Agreement by failing to remit payment of $1,118,258 to OIAA. Id. ¶ 46.

### III.  LEGAL STANDARD

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-04909-CAS(RAOx); consolidated with 5:22-cv-01926-CAS(RAOx) | Date | April 22, 2024 |
| Title | MAG US LOUNGE MANAGEMENT LLC V. ONTARIO INTERNATIONAL AIRPORT AUTHORITY ET AL; consolidated with ONTARIO INTERNATIONAL AIRPORT AUTHORITY V. MAG US LOUNGE MANAGEMENT LLC ET AL | | |

901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); see Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:21-cv-04909-CAS(RAOx); consolidated with 5:22-cv-01926-CAS(RAOx) | Date | April 22, 2024 |
|---|---|---|---|
| Title | MAG US LOUNGE MANAGEMENT LLC V. ONTARIO INTERNATIONAL AIRPORT AUTHORITY ET AL; consolidated with ONTARIO INTERNATIONAL AIRPORT AUTHORITY V. MAG US LOUNGE MANAGEMENT LLC ET AL | | |

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

## IV. DISCUSSION

OIAA makes two arguments in support of its motion to dismiss MAG's fraudulent concealment and fraudulent misrepresentation claims. OIAA argues that the Court must dismiss MAG's fraud claims because MAG did not comply with the requirements of the California Government Claims Act. Alternatively, OIAA argues that MAG is barred from bringing its fraud claims against OIAA pursuant to Government Code § 818.8, which provides immunity to public entities.

### 1. California Government Claims Act

OIAA asserts that MAG failed to present its fraud claims in a new submission to OIAA as required by the California Government Claims Act (the "Act") and that the FAC does not allege compliance with the Act, such as MAG's submission of the claims to OIAA and OIAA's rejection of or refusal to grant the claims within the Act's forty-five-day wait period. Id. at 15-16.

In opposition, MAG asserts that OIAA prevented MAG's compliance with the Act because it withheld the key facts that form the basis of MAG's fraud claims, failed to comply with the PRA, and falsely represented that it had provided MAG with "all responsive records." Opp. at 11-13. Thus, MAG argues that OIAA should be equitably estopped from invoking the Act to avoid liability since MAG "had no way of discovering OIAA's mistruth and its concealment of the documents evidencing its fraud until it filed this lawsuit and conducted formal discovery." Id. at 12. Further, MAG contends that the policy purposes of the Act have already been satisfied and would thus not be served by barring MAG's fraud claims, as this action was commenced in 2021 and OIAA has had an adequate opportunity to investigate the fraud claims. Id. at 14-15.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**       'O'

| Case No. | 2:21-cv-04909-CAS(RAOx); consolidated with 5:22-cv-01926-CAS(RAOx) | Date | April 22, 2024 |
|---|---|---|---|
| Title | MAG US LOUNGE MANAGEMENT LLC V. ONTARIO INTERNATIONAL AIRPORT AUTHORITY ET AL; consolidated with ONTARIO INTERNATIONAL AIRPORT AUTHORITY V. MAG US LOUNGE MANAGEMENT LLC ET AL | | |

In reply, OIAA argues that MAG could have presented its fraud claims to OIAA after December 2023, when MAG alleges it discovered the factual basis for the claims. Id. at 23. OIAA contends that public entities only investigate "presented" claims, and "it is not enough that OIAA knew the 'gist' of MAG's fraud claims for years prior" to MAG's asserting them in the FAC. Id. at 23-24.

It appears to the Court that MAG could have presented its fraud claims to OIAA in compliance with the Act after it discovered the factual basis for its claims in December 2023. Significantly, MAG does not allege its compliance with the Act or any excuse for its noncompliance with the Act in the FAC. See Robinson v. Alameda Cnty., 875 F. Supp. 2d 1029, 1043 (N.D. Cal. 2012) (explaining that a plaintiff "must allege facts demonstrating or excusing compliance with the claim presentation requirement" in the complaint) (citation omitted). Because MAG failed to comply with the Act, it may not assert its fraud claims in this action. Accordingly, the Court **GRANTS** OIAA's motion to dismiss MAG's fraudulent concealment and fraudulent misrepresentation claims for failure to comply with the Act, with leave to amend.

    2.    Immunity Pursuant to Government Code § 818.8

Even if MAG was excused from complying with the Act, MAG's claims for fraudulent concealment and fraudulent misrepresentation must nonetheless be dismissed because OIAA is immune from suit for fraud in circumstances such as these.

OIAA argues that Government Code § 818.8 provides it—a public entity—with "absolute immunity against fraud claims arising out of commercial transactions or activities, including claims for fraudulent concealment and fraudulent misrepresentation." MTD at 13; see also Cal. Gov't Code § 818.8 ("A public entity is not liable for an injury caused by misrepresentation by an employee of the public entity, whether or not such misrepresentation be negligent or intentional."). According to OIAA, MAG's fraud claims should be dismissed without leave to amend because they directly relate to commercial activities, "namely, the potential award of a car parking concession at the Ontario International Airport." MTD at 14.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:21-cv-04909-CAS(RAOx); consolidated with 5:22-cv-01926-CAS(RAOx) | Date | April 22, 2024 |
|---|---|---|---|
| Title | MAG US LOUNGE MANAGEMENT LLC V. ONTARIO INTERNATIONAL AIRPORT AUTHORITY ET AL; consolidated with ONTARIO INTERNATIONAL AIRPORT AUTHORITY V. MAG US LOUNGE MANAGEMENT LLC ET AL | | |

In opposition, MAG argues that OIAA cannot enjoy immunity pursuant to Government Code § 818.8 because it violated Government Code § 815.6 by failing to comply with a mandatory duty "to act with honesty and integrity when publishing and evaluating the RFP and when responding to PRA requests." Id. at 15, 18. Specifically, MAG contends that OIAA is liable pursuant to § 815.6 because it breached mandatory duties imposed by its own policy statement, the California PRA, and the Municipal Code to safeguard against precisely the type of injuries that MAG alleges it suffered. Id. at 16-20. For example, MAG argues that OIAA's failure to conduct a fair bidding process resulted in injuries against which its Ethics Policy Statement seeks to protect, including "an affront to the dignity of competitors, a waste of [its] time, and a complete loss of confidence in the integrity of public servants because of a dishonest bidding process." Id. at 19-20. According to MAG, Government Code § 818.8 immunity is not absolute, especially because immunity, rather than liability, is the exception. Id. at 21. Further, MAG contends that Government Code § 818.8 does not bar its fraud claims because the claims do not directly relate to a financial or commercial injury. Id. at 21-22. Instead, MAG argues that it seeks to protect the societal interest in a fair and honest public bidding process. Id. 23-24.

In reply, OIAA argues that MAG's fraud claims arise directly from its "financial and commercial interest in continuing to operate the car parking concession at the Ontario International Airport and receiving the revenues generated by that concession." Reply at 11-12; see also FAC ¶¶ 74, 80. OIAA contends that while a "dignitary" or societal interest can always be identified in connection with a public entity's alleged unlawful act, such interests "are tangential to the commercial interests involved and cannot be used to circumvent the immunities provided under section 818.8." Reply at 13. Further, OIAA argues that because statutory immunity under Government Code § 818.8 prevails over statutory liability under Government Code § 815.6, the Court should reject MAG's allegations of mandatory duty liability, particularly because MAG's cited cases do not apply to this action. Id. at 14-22.

The Court agrees with OIAA that MAG's fraud claims directly relate to MAG's commercial interest in the Agreement with OIAA to operate car parking services and lounges at the airport. As MAG alleges in the FAC, it "has been damaged by the monies

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:21-cv-04909-CAS(RAOx); consolidated with 5:22-cv-01926-CAS(RAOx) | Date | April 22, 2024 |
|---|---|---|---|
| Title | MAG US LOUNGE MANAGEMENT LLC V. ONTARIO INTERNATIONAL AIRPORT AUTHORITY ET AL; consolidated with ONTARIO INTERNATIONAL AIRPORT AUTHORITY V. MAG US LOUNGE MANAGEMENT LLC ET AL | | |

incurred as a result of participating in the RFP and the loss of the minimum ten-year Agreement" as a direct and proximate result of OIAA's fraudulent concealment and fraudulent misrepresentation. FAC ¶¶ 74, 80. Thus, the Court finds that Government Code § 818.8 bars MAG from asserting its fraud claims against OIAA. See Richards v. Dep't of Bldg. Inspection of City & Cnty. of San Francisco, No. 20-CV-01242-JCS, 2020 WL 3892859, at *7 (N.D. Cal. July 10, 2020). Moreover, the Court is persuaded that immunity pursuant to Government Code § 818.8 prevails over any mandatory duty liability pursuant to Government Code § 815.6. See Harshbarger v. City of Colton, 197 Cal. App. 3d 1335, 1346 (1988) ("The sections that follow [Section 815.6] provide specific immunities from this general rule of liability for mandatory duties, such as . . . section 818.8[.]"); see also Nuveen Mun. High Income Opportunity Fund v. City of Alameda, Cal., 730 F.3d 1111, 1126 (9th Cir. 2013) ("The commentary to [Section 815] accordingly explains that 'the immunity provisions will as a general rule prevail over all sections imposing liability.'"). Accordingly, the Court **GRANTS** OIAA's motion to dismiss MAG's fraudulent concealment and fraudulent misrepresentation claims as barred by Government Code § 818.8, with leave to amend.

### V.  CONCLUSION

In accordance with the foregoing, the Court **GRANTS** OIAA's motion to dismiss MAG's fraudulent concealment and fraudulent misrepresentation claims in the FAC, with leave to amend.

IT IS SO ORDERED.

|  | 00 : 26 |
|---|---|
| Initials of Preparer | CMJ |